**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Kanonie Hall,** | ) | **CASE NO. 1:13 CV 1804** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| **Dan Gilbert,** *et al*., | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Kanonie Hall filed this action against Dan Gilbert, Bizdom, Quicken Loans, Cody, and Katie Hawk.  The form Complaint is entirely blank.   Instead, Plaintiff attaches a series of emails between himself and Bizdom employees.  In the "Nature of Suit" section of his Civil Cover Sheet, Plaintiff checked off the boxes for "Truth in Lending," "Patent," and "Banks and Banking," and further indicates in the "Cause of Action" section that he is suing Bizdom for "not helping with design, apps for technology."  He seeks monetary relief.  Plaintiff has also filed a motion to proceed *in forma pauperis*.  For the reasons that follow, that motion is granted and this action is dismissed.

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all of the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Even given the most liberal construction, the Complaint and its attachments do not contain allegations remotely suggesting Plaintiff might have a valid federal claim, or even that there is a reasonable basis for this Court's jurisdiction. Indeed, Plaintiff's Complaint does not satisfy even the most relaxed pleading standard as it either omits or fails to identify with any specificity, the jurisdictional basis of Plaintiff's claims, proper venue, any factual allegations, the nature of Plaintiff's claims,

or the legal basis for those claims, and the relief requested. *See* Fed. R. Civ. P. 8(a). This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, Plaintiff's motion to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/4/13